IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARELL CASSEY,

Plaintiff,

v.

DONALD TRUMP,

Defendants.

OPINION AND ORDER

Case No. 19-cv-381-wmc

---

*Pro se* plaintiff Carell Cassey filed this lawsuit claiming that defendant Donald Trump has been hacking his devices, impersonating him, threatening others not to help him, prompting various governmental entities and employers to turn against him, and causing break ins of his car and home on various occasions. As Cassey is seeking leave to proceed *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who by law cannot be sued for money damages. Even construing Cassey's complaint generously in his favor, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), his claims must be dismissed.

## OPINION

A *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact when plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). A

complaint is also subject to dismissal if it does not comply with Federal Rule of Civil Procedure 8, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, the complaint must provide notice to the defendant of what plaintiff believes they did to violate his rights, and the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Here, plaintiff's complaint is both frivolous and fails to satisfy Rule 8. Beyond failing to ground his general accusations that former president Donald Trump was somehow involved in his claimed misfortunes in *any* specific, factual allegations, plaintiff fails to name as defendants any of the individuals that were directly responsible for the wrongdoing he allegedly suffered. Moreover, plaintiff has not alleged *how* defendant Trump was actually involved in the alleged violation of his privacy rights. Finally, the vague assertion that Trump has actually been orchestrating a conspiracy to cause law enforcement officials and potential employers to violate plaintiff's rights is too outlandish to afford plaintiff the chance to submit an amended complaint against this defendant. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile).

ORDER

IT IS ORDERED that:

1. Plaintiff Carell Cassey's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) because the claims are frivolous and do not state a claim for which relief can be granted.
2. The clerk of court is directed to close this case.

Entered this 7th day of July, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge